## Price v. Commonwealth.

(Decided September 27, 1929.)

HORACE W. ROOT for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of detaining a woman against her will and sentenced to serve two years in the penitentiary. From that judgment he appeals.

He insists that he was entitled to a peremptory instruction on the ground that even if the facts were as the prosecuting witness testified, yet whatever occurred on the occasion or occasions when it is claimed that he detained the prosecuting witness was done with her consent. It is fair to say that the appellant denied that the transactions occurred as testified to by the prosecuting witness; but admits, of course, that what was the correct version of the affair was for the jury to determine.

Appellant is correct in his contention as to the consent of the prosecuting witness, unless it be that she had not sufficient mind to enable her to consent. The evidence shows that the prosecuting witness was an epileptic and decidedly subnormal mentally, but whether the appellant knew this at the time of the occasions complained of, or should reasonably have known it, was a question which should have been submitted to the jury. If he did not know it and had no reasonable grounds for believing the prosecuting witness to be weak-minded, and if in good faith he acted with her as a sane person, then he was not guilty of the offense charged. Beaven v. Commonwealth (Ky.) 30 S. W. 968. This case had been cited with approval a number of times in this state and also by the Supreme Court of Missouri in the case of State v. Helderle, 186 S. W. 696, L. R. A. 1916F, 735. The instructions which are complained of in this case did not submit this issue to the jury, and so, although the appellant was not entitled to a peremptory instruction, yet he

was entitled to have submitted to the jury the issue as to whether or not he in good faith acted with the appellant as a sane person and one of sufficient mind to consent to what was transpiring.

The judgment must be reversed, with instructions to grant the appellant a new trial in conformity with this opinion.